Case 1:21-cr-00026-SPW   Document 80   Filed 01/17/24   Page 1 of 2

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
District of Montana

United States of America )
v. )
Roy Rosales )  Case No: CR-21-26-BLG-SPW
)  USM No: 57845-509
Date of Original Judgment: 02/22/2023 )
Date of Previous Amended Judgment: )
*(Use Date of Last Amended Judgment if Any)*   Defendant's Attorney

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

On October 4, 2023, Defendant files a pro se motion seeking a sentence reduction under the retroactive application to the criminal history rules in Parts A and B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (Doc. 77.) Defendant's motion was denied on November 6, 2023, because Defendant is not eligible as he did not receive any "status points" under Part A, and his total criminal history score was one, making him ineligible under Part B. (*See* Doc. 78.) On January 12, 2024, Defendant filed the instant motion, again seeking to reduce his sentence pursuant to the retroactive application of Amendment 821. (Doc. 79.) Because the Court has previously determined that Defendant is ineligible, and because Defendant remains ineligible, his motion (Doc. 79) is denied as moot.

Except as otherwise provided, all provisions of the judgment dated  2/22/2023  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: January 16, 2024

Susan P. Watters
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Susan P. Watters, U.S. District Judge
*Printed name and title*

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)  Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the

District of Montana

| United States of America | ) |
|---|---|
| v. | ) |
| Roy Rosales | ) Case No: CR-21-26-BLG-SPW |
|  | ) USM No: 57845-509 |
| Date of Original Judgment: 02/22/2023 | ) |
| Date of Previous Amended Judgment: | ) |
| *(Use Date of Last Amended Judgment if Any)* | *Defendant's Attorney* |

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☑ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months is reduced to _____.
*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Defendant seeks a sentence reduction under the retroactive application to the criminal history rules in Parts A and B, subpart 1 of Amendment 821 to the United States Sentencing Guidelines. (*See* Doc. 77.) Defendant is clearly ineligible.

Part A limits the overall criminal history impact of "status points" for offenders who committed the instant offense while under a criminal justice sentence. Part B, subpart 1 provides a two-level decrease for offenders who did not receive any criminal history points under Chapter Four and whose instant offense did not involve specific aggravating factors. *See* U.S.S.G. Ret. App. A & B, Sub. 1 Amendment 821 "Reasons for Amendment" (Nov. 1, 2023).

Here, as to Part A, Defendant did not receive any Chapter Four "status points." (PSR ¶ 31.) As to Part B, Defendant's prior convictions resulted in a total criminal history score of one, (PSR ¶ 39), and the offense involved an aggravating factor under §4C1.1(a)(7), possession of a gun in connection with the offense, (PSR ¶ 16). Because Defendant is clearly ineligible for a sentence reduction under the retroactive application of Amendment 821, his motion is denied.

Except as otherwise provided, all provisions of the judgment dated  2/22/2023  shall remain in effect.
**IT IS SO ORDERED.**

Order Date: November 6, 2023          _Susan P. Watters_
                                                            *Judge's signature*

Effective Date: _____          _____
*(if different from order date)*          *Printed name and title*

"Exhibit"